1  Ryan R. West, NV Bar No. 8721
   **CORVUS LAW GROUP, LLC**
2  9980 West Flamingo Road
   Las Vegas, NV 89147
3  Telephone: (702) 838-7522
   Facsimile: (702) 838-9132
4
   Attorney for Plaintiff
5

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9  AARON P. BROOKS and ALISA R.
   BROOKS,                                      COMPLAINT
10                                              (JURY DEMAND)
                              PLAINTIFF,
11 vs.

12 LEHMAN BROTHERS HOLDINGS, INC.;
   CITIMORTGAGE, INC.; AXIOM
13 FINANCIAL, INC.; AND, MORTGAGE
   ELECTRONIC REGISTRATION
14 SYSTEMS, INC.,                               CIVIL NO.

15                            DEFENDANTS,       JUDGE
16

17

18

19     Plaintiffs, Aaron P. Brooks and Alisa R. Brooks (hereinafter collectively the "Plaintiffs"),

20 by and through counsel, Ryan West complains of defendants, and for cause of action alleges as

21 follows:

22                    **PARTIES, JURISDICTION, VENUE**

23     1.     Plaintiffs, Aaron P. Books and Alisa R. Brooks (hereinafter "Plaintiffs") are

24 individuals and actual citizens of Nevada whose address is 2170 Polynesia Circle, Henderson,

25 Nevada 89074.

26

27

28

**CORVUS LAW GROUP, LLC**
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

2.      Defendant Lehman Brothers Holdings, Inc. is a Delaware corporation with its principle place of business in New York City, New York, and at all times relevant herein was doing business in the State of Nevada.

3.      Defendant CitiMortgage, Inc. is a Delaware corporation with its principle place of business in O'Fallon, Missouri, and at all times relevant herein was doing business in the State of Nevada.

4.      Defendant Lender Axiom Financial, Inc. is a Utah corporation with its principle place of business in Sandy, Salt Lake County, Utah, and at all times relevant herein was doing business in the State of Nevada.

5.      Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principle place of business in Virginia.  MERS purports to be the Beneficiary of the Trust Deed, Exhibit "A" hereto.

6.      The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.      The Court has jurisdiction of this action pursuant to 28 USC §2201, Rule 57, N.R.C.P. and NRS 30.030 (declaratory judgment) and NRS 40.010. (quiet title), and 28 USC §1332 (a).  This court also has, pursuant to 28 USC §1367, supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in the United States Court for the District of Nevada, pursuant to 28 USC § 1391(c).

**BACKGROUND FACTS**

9.      Plaintiffs purchased for value and is the owner of the property located at 2170 Polynesia Circle, Henderson, Nevada 89074, in Clark County (hereinafter "the subject property") under a deed thereto.

CORVUS LAW GROUP, LLC
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

2

10.     On or about May 17, 2005, Plaintiffs executed a Promissory Note (hereinafter "the Note") in favor of defendant Lender Axiom Financial, Inc. (hereinafter "Axiom" or "Lender"). Axiom purports to be the successor in interest thereof. On information and belief, the original of said Note was then retained by defendant Axiom.

11.     On or about May 17, 2005, Plaintiffs made and delivered the Deed of Trust (hereinafter "the Trust Deed"), a copy of which is attached hereto as Exhibit "A," conveying the subject property in trust for the purposes recited therein to Nevada Title as Trustee.  Said Trust Deed was recorded on May 24, 2005and found at 20050524-0004144 in the Clark County Recorder's Office.

12.     Said Trust Deed names as beneficiary thereof defendant MERS acting solely as nominee for Lender and Lender's successors and assigns, and the successors and assigns of MERS.

13.     MERS is a private corporation that administers the MERS system, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS system, MERS purports to become the mortgagee of record for participating members through assignment of the members interests to MERS.  MERS is listed as the grantee in the official records maintained at county recorders offices.  The lenders initially retain the promissory notes as well as the servicing rights to the mortgages.  The lenders can then sell these interests to investors.

14.     The first position Trust Deed recites that the Beneficiary of this security instrument is defendant MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS and

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of these interests,

CORVUS LAW GROUP, LLC
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

3

1
2

including, but not limited to, the right to foreclose and sell the property; and
to take any action required of Lender including, but not limited to, releasing
and canceling this Deed of Trust."

3
4

15.     A Servicer was designated to act as the representative/agent for the purported

5

owners of the debt evidenced by the subject Note and the corresponding Trust Deed.

6

16.     Upon information and belief, Axiom was provided a line of credit by undisclosed

7

warehouse lenders, pending pooling of the Note with other such instruments, and sale of the

8

pooled instruments as securities to unknown investors.

9

17.      Upon information and belief, the Axiom has been reimbursed all sums advanced

10

by them in connection with the Note.

11

18.     Upon information and belief Axiom's function was limited to obtaining the Note,

12

in exchange for a fee, as a preliminary step to "securitization" of the debt as described herein.

13

Said securitized debt is purported to be a part of the _____securitization #_____.

14

Identifying information from the Securities and Exchange Commission for said pool is attached as

15

Exhibit "B".

16

17

19.     Upon information and belief, the debt was pooled with similar debts pursuant to a

18

Pooling and Servicing Agreement between Lender and Bank _____ (hereinafter

19

"Bank"), in which Bank purported to act as Trustee of a Trust created thereby, for the purpose of

20

selling such debts as securities to investors, and appointing a "Servicer" of the pooled debts, and a

21

"Custodian" of the Notes evidencing such debts, for the benefit of such investors.

22

23

20.     Such investors and/or the person or persons unknown who sold such securities have

24

obtained insurance against default on the underlying obligations in the form of a "credit default

25

swaps" or other credit enhancements.

26

21.     The cost of such credit default swap or other credit enhancement was, as applicable

27

to the subject loan, charged to borrower.

28

CORVUS LAW GROUP, LLC
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

4

CORVUS LAW GROUP, LLC
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

22.    Notwithstanding the transfer of the debt as herein described, no transferee thereof has recorded a copy of any security agreement providing any security interest in the Trust Deed or any appropriate affidavits, pursuant to NRS 107.077 in order to perfect any right of enforcement under NRS 107.080.

23.    As a result of the transfer of the debt as part of a securities transaction, and of the lack of such recordings, defendants are not the present owners of the debt or the obligees thereon. Plaintiffs, and, upon information and belief, defendants, do not know who is or are the present owners of the debt, or the obligee(s) thereon.

24.    Named defendants, or one of them, is a mere custodian of the Note for others.

25.    The Trust Deed has not been assigned or transferred of record, in whole or in part.

26.    Plaintiffs, having a right under the Note and federal law to do so, demanded of the Servicer, who purports to have a relationship in the nature of agency with persons to whom the debt and/or Trust Deed may be assigned, and/or persons in fiduciary relationships to such assignees, all information and records showing transfer of such debt to any person or persons, for the purposes, among others, of determining the proper persons to receive payments under the Note, or to negotiate payment or reinstatement of the obligation, or to obtain acknowledgment of proper application of payments.  The aforementioned demand letters are attached as Exhibit "C." No qualified response was provided.

27.    Through the conduct descried in this Complaint, Defendants have attempted to collect on a debt to which they are not legally entitled as the have no knowledge of proper payments and credits to the debt, and they are not the proper parties entitled to enforce the Note.

28.    The obligations of the Plaintiffs are not owed to the Defendants who are claiming interest.  There is no perfected interest as to the true Note Holder.

29.     Neither the investors in the mortgage backed securities nor any other entity or person who had a right to payment from the Plaintiffs or who was a lawful beneficiary under the trust deed ever declared a default of the note executed by Plaintiffs and no true beneficiary with a beneficial interest under the trust deed ever declared a default under the Note and trust deed and no proper beneficiary under the trust deed ever declared a default under the Note and trust deed and no proper beneficiary under the trust ever directed or will ever direct a sale of the property owned by Plaintiffs in which MERS is named as beneficiary or nominee of the beneficiary/lender at issue in their action.

### FIRST CAUSE OF ACTION-ESTOPPEL/DECLARATORY JUDGMENT

30.     Plaintiffs incorporate herein by reference paragraphs 1-29 hereinabove.

31.     The Servicers of the Note in the Trust Deed purport to have a relationship in the nature of agency with persons to whom the debt and/or Trust Deed may be assigned, and/or persons in fiduciary relationships to such assignees.

32.     By permitting the Servicers to so represent its capacity, the defendants and any assignees have conferred upon the Servicers the right and obligation to disclose and assert the interests of such assignees as necessary to protect such interests.

33.     The refusal of the Servicers, upon demand, to disclose such interests is binding upon their assignees.

34.     The result of such behavior by the Servicers, defendants, and such assignees, is to subject borrowers and their successors in title, including plaintiff, to risks, abuses, and prejudice, and to render impossible proper discharge of the debt.

35.     As a result of such behavior, defendants, and such assignees, are estoped to assert any present default on the debt, or power of sale under the Trust Deed.

**CORVUS LAW GROUP, LLC**
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

CORVUS LAW GROUP, LLC
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

36.     An actual controversy exists between plaintiff and defendants regarding the amenability of the subject property to sale by defendants, which may be resolved by the Court pursuant to 28 USC §2201, and Rule 57, N.R.C.P.

37.     The Court should appropriately advance this matter on the calendar as provided by Rule 57, F.R.C.P., and promptly enter its Order declaring that defendants lack any interest under the Trust Deed which may be enforced by lien upon or sale of the subject property.

### SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

38.     Plaintiffs incorporate herein by reference paragraphs 1-37 hereinabove.

39.     The defendants are not a Trustee of any existing Trust, and Defendants, the Servicers and defendant Beneficiaries:

   a.  do not know whether a default had occurred, or had been declared by the actual owners of the debt who have become the actual beneficiaries under the Trust Deed;

   b.  lacked authority to declare a default or otherwise pursue collection of the debt;

   c.  lack authority to sell the subject property or to distribute any proceeds thereof;

   d.  are not entitled to any of such proceeds on their own account;

   e.  cannot give a trustee's deed which is free and clear of the debt;

   f.  cannot give an enforceable release of the Trust Deed.

40.     In the event that any investor in the debt, or any assignee of an interest thereto, did not obtain assignment of the Trust Deed, the debt has, to that extent, become unsecured, and the Note and Trust Deed, may not be foreclosed.

41.     Plaintiffs, at any time relevant hereto, by diligent search or otherwise, could not have discovered, without the assistance of the Servicer and, consequently, the defendants, the identities of any assignee of any interest in the debt or Trust Deed, or the present owners of the

1   debt, or the interest of any such person as the result of any such assignment. Plaintiff was thereby

2   prevented from properly discharging the debt.

3       42.     An actual controversy exists between plaintiff and defendants regarding the

4   amenability of the subject property to sale by defendants, which may be resolved by the Court

5

6   pursuant to 28 USC §2201, and Rule 57, N.R.C.P.

7       43.     The Court should appropriately advance this matter on the calendar as provided by

8   Rule 57, F.R.C.P., and promptly enter its Order declaring that defendants lack any interest under

9   the Trust Deed which may be enforced by lien upon or sale of the subject property.

10                    **THIRD CAUSE OF ACTION: QUIET TITLE**

11      44.     Plaintiffs incorporate herein by reference paragraphs 1-43 hereinabove.

12      45.     The transfer of the debt as part of a security subjects Plaintiffs to potential multiple

13

14  and unpredictable recoveries, or attempts to recover, against the subject property.

15      46.     The failure of defendants to retain any interest in the debt voided any title or power

16  they might have under the Trust Deed, and rendered said Trust Deed unenforceable by them.

17      47.     The inability of Plaintiffs to safely discharge any lien of the Trust Deed against the

18  subject property in favor of assignees of interest in the debt and Trust Deed, and the threat of

19  multiple recoveries or attempts to recover against the subject property, constitute a cloud on

20  Plaintiffs' title which can only be removed by requiring all such assignees to appear and assert

21  their interests and the extent to which any obligation owing to them has not been discharged by

22

23  payment, including collections on insurance against default, or, failing such assertion of claims,

24  entry of a decree of quiet title freeing the subject property from the lien of such obligation.

25      48.     The Court, pursuant to 28 USC §2201 and NRS 40.010 (quiet title), should enter its

26  Order herein forthwith quieting title to the subject property in plaintiff and against defendants

27

28

**CORVUS LAW GROUP, LLC**
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

freeing title to the subject property of the lien of the Trust Deed and leaving any debt unsecured by any interest in the subject property.

### FOURTH CAUSE OF ACTION:  ACCOUNTING

49.     Plaintiffs incorporate herein by reference paragraphs 1-48 hereinabove.

50.     Plaintiffs seek a full accounting for the transfers of their promissory note and the securitization of their promissory note.

### FIFTH CAUSE OF ACTION: REFUND, FEES AND COSTS

51.     Plaintiffs incorporate herein by reference paragraphs 1-50 hereinabove.

52.     The Trust Deed has been unenforceable by defendants from the first transfer of the debt as set out hereinabove.

53.     Defendant Bank's pretense of authority to foreclose, or attempt to foreclose, under the Trust Deed would be fraudulent.

54.     Defendant Bank's assertions to the Court herein that they hold and are entitled to enforce the debt would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under Rule 11, F.R.C.P., Rule 11, N.R.C.P., and NRS 107.077.

55.     The Court should enter its Order herein forthwith to defendants, jointly and severally, to pay to Plaintiffs its fees and costs, together with a reasonable attorney's fee, to be shown by affidavit, and to reimburse to Plaintiff its fees and charges under the debt and Trust Deed.

**WHEREFORE**, Plaintiffs prays that the Court enter its Order herein:

1.     Enjoining further dispositions of the subject realty pending resolution hereof.

2.     Declaring that defendants and Trustee lack any interest in the subject property which might permit them to foreclose, or attempt to foreclose, the Trust Deed and/or to sell the subject property;

**CORVUS LAW GROUP, LLC**
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

3.     Terminating all present collection activities upon any security in the subject property and enjoining any further such collection actions not originated by the owners of the debt.

4.     Declaring that the Trust Deed is not a lien against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject property in plaintiff and against defendants and all claiming by, through, or under them;

5.     Refunding to Plaintiffs from defendants, jointly and severally, all fees and charges paid under the Trust Deed, and awarding Plaintiff its cost of the action, including a reasonable attorney's fee; and

6.     For such other and further relief as the Court deems just in the premises.

RESPECTFULLY submitted on August 25, 2010.

_/s/ Ryan West_____
Ryan West, Attorney for Plaintiff

CORVUS LAW GROUP, LLC
9980 W. FLAMINGO ROAD
LAS VEGAS, NEVADA 89147
(702) 838-7522

10